IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:24CR3079 |
| vs. | |
| STEVEN WOODWARD, | ORDER |
| Defendant. | |

On October 27, 2025, Defendant filed a Notice of Appeal, along with a motion for appointment of counsel and to proceed in forma pauperis on appeal. (Filing No. 64; Filing No. 65.) Upon receipt, the Court issued an order directing Defendant to either pay the appellate filing fee, or submit an application to proceed in forma pauperis, along with a financial affidavit. (Filing No. 68.) However, the Court's order was returned undeliverable several times because Defendant had been transferred to another facility. (Filing No. 69; Filing No. 70; Filing No. 71.) The Court subsequently entered a text order extending Defendant's deadline to submit the required documents. When that text order was returned undeliverable, the Court resent the order to an updated address for Defendant. (Filing No. 41.) The Court then extended Defendant's deadline to February 13, 2026, to submit the documents requested by the Court. (Filing No. 75.)

On January 12, 2026, the Court received a letter from Defendant indicating that he received correspondence from the Court but had been unable to respond because he had been moved to another facility and did not have access to legal mail or afforded the opportunity to order stamps, envelopes and paper to reply to the Court. (Filing No. 76.) Defendant represents in his letter that he does not have funds available to pay for an attorney for his appeal because he spent all his money on his retained trial counsel. (Filing No. 76.) He also represents that he is without a source of income to pay any court costs or fees because he has not obtained a job within the Federal Bureau of Prisons. (Filing No. 76.)

Under the Federal Rules of Criminal Procedure, "[a] defendant who is unable to obtain

counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right." Fed. R. Crim. P. 44. To secure counsel as a matter of right, a defendant must demonstrate a financial inability to pay for counsel. 18 U.S.C. § 3006A(a)(1). The defendant bears the burden of proving inadequate financial means, and a decision adverse to a defendant will not be reversed unless it is clearly erroneous. *United States v. Anderson*, 567 F.2d 839, 840 (8th Cir. 1977); *United States v. Sarsoun*, 834 F.2d 1358, 1361 (7th Cir. 1987).

The Court has reviewed Defendant's submission and finds he has shown a financial inability to pay counsel. The Court finds counsel should be appointed under the Criminal Justice Act Plan of the United States District Court for the District of Nebraska and Defendant should be allowed to proceed in forma pauperis on appeal.

Accordingly,

**IT IS ORDERED:**

1. Defendant's motion for appointment of counsel and motion to proceed in forma pauperis on appeal (Filing No. 65) is granted.

2. Defendant's Moton for Status (Filing No. 76) is denied as moot.

3. The Federal Public Defender is appointed to represent Defendant on appeal. In the event the Federal Public Defender should decline this appointment by reason of conflict or on the basis of the Criminal Justice Act Plan, the Federal Public Defender shall forthwith provide the Court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Criminal Justice Act Plan for this district.

4. The Clerk of Court shall direct notice of this Order to the Federal Public Defender for the District of Nebraska and send a copy of this Order to Defendant.

Dated this 13th day of January, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge